[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10679

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH PASCUA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:21-cr-00182-RSB-CLR-1

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Joseph Pascua appeals his 86-month sentence for conspiracy to steal trade secrets. He contends the district court incorrectly calculated his Guidelines range of 97 to 120 months because it utilized an intended loss value to determine the loss amount under U.S.S.G. § 2B1.1 and based its loss calculation on speculation, resulting in a 26-point increase to his base offense level. After review,[1] we affirm.

We will not address a disputed Guidelines determination when the sentencing court explicitly states that it would have imposed the same sentence under its 18 U.S.C. § 3553(a) authority regardless of the determination. *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006). When the sentencing court makes such a statement, we reduce the Guidelines range in accordance with the defendant's arguments and analyze whether the sentence would be substantively reasonable under that alternative Guidelines range. *Id.* at 1349-50.

Because the district court stated on the record that it would have imposed the same sentence regardless of the loss calculation, we can review Pascua's sentence for substantive reasonableness under the alternative Guidelines range. *See id.* Absent the 26-point increase to Pascua's offense level based on the district court's loss

---

[1] We review the reasonableness of a sentence for an abuse of discretion. *United States v. Grushko*, 50 F.4th 1, 10 (11th Cir. 2022).

calculation, his offense level would have been 4, resulting in a Guidelines range of 0 to 6 months when combined with his criminal history of I. Thus, the question is whether, assuming a Guidelines range of 0 to 6 months, the district court's 86-month sentence was substantively reasonable. *See id.* at 1349-50.

In deciding whether a sentence is substantively reasonable, we look to the totality of the circumstances. *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022). The sentence must be "sufficient, but not greater than necessary to comply with the purposes" set out in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).

The district court did not abuse its discretion by imposing an 86-month sentence, even though it represented a major upward variance from the assumed 0-6-month Guidelines range. *See Grushko*, 50 F.4th at 20 (stating where a district court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of variance). The district court based its decision on the seriousness of Pascua's conduct, his failure to clearly accept responsibility for his actions, and the need to ensure that his sentence was similar to those of his co-conspirators. The court also took into account Pascua's positive attributes and contributions in society, including his military service, church activities, and family relationships. The court

therefore provided a compelling justification for its chosen sentence based on the § 3553(a) factors and other relevant considerations, and did not neglect relevant factors in selecting a sentence. *See id.* at 19 (stating a sentence may be substantively unreasonable when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) selects an arbitrary sentence).

Furthermore, while Pascua's 86-month sentence is significantly higher than the top of his Guidelines range, it is also substantially below the 120-month statutory maximum, which is an indication of reasonableness. *See id.* at 20 (stating a sentence that is below the statutory maximum penalty is more likely to be reasonable); 18 U.S.C. § 1832(a)(5). Because the district court considered the § 3553(a) factors, provided substantial justification for its sentence, and selected a sentence well below the 120-month statutory maximum, Pascua's 86-month sentence is not outside of the range of reasonable sentences, even assuming a Guidelines imprisonment range of 0-6 months, as, by Pascua's own statements, the theft had the potential to put Gulfstream "out of business." *Grushko*, 50 F.4th at 19-20; *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (stating we will vacate on substantive reasonableness grounds only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences" (quotations omitted)). Therefore, because Pascua's sentence would be substantively reasonable without the 26-point increase to his offense level based on

23-10679                Opinion of the Court                5

the district court's loss calculation, any potential error in calculating loss was harmless.  *Keene*, 470 F.3d at 1348-50.  Accordingly, we affirm Pascua's sentence.

**AFFIRMED.**